Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 2927 | **DATE** | 5/17/2013 |
| **CASE TITLE** | Evans vs. Chicago Family Health | | |

**DOCKET ENTRY TEXT**

Evans's Motion to Proceed in forma pauperis [4], [6] is granted.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

On April 18, 2013, Plaintiff Victor Evans filed a Complaint with this Court and simultaneously moved to proceed *in forma pauperis* without the full prepayment of filing fees. The Court denied Evans's motion to proceed *in forma pauperis* without prejudice on April 22, 2013 because he failed to clearly identify his monthly income. Evans filed an amended application for leave to proceed *in forma pauperis* on May 1, 2013. For the reasons set forth below, Evans's Motion to Proceed *in forma pauperis* is granted.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Evans to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Evans need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See Id.* According to his financial affidavit, Evans earns $10.00 per hour and supports his daughter. His only asset is a 1995 Oldsmobile Cutlass valued at $500. Based on these facts, Evans's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Evans's financial status. Section 1915 requires the Court to review an action of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). When evaluating whether a plaintiff has stated a claim in the context of an application for leave to proceed *in forma pauperis*, the Court applies the same standard as that for a motion to dismiss under Rule 12(b)(6). *See Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). This means that Evans's Complaint must allege facts that, if accepted as true, plausibly state a claim to relief. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations and quotations omitted).

| STATEMENT |
|---|

Evans's Complaint alleges that Defendant Chicago Family Health Center, his employer, retaliated against him for engaging in activity protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* and 42 U.S.C. § 1981. Title VII prohibits employers from discriminating against an employee because "he has opposed any practice made unlawful by this title or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title." 42 U.S.C. § 2000e-3. To establish a prima facie claim of retaliation, a plaintiff may use either the direct or indirect method of proof. Evans appears to proceed under the indirect method. To establish a claim under this method, Evans must show that: (1) he engaged in a statutorily protected activity; (2) he performed his job according to the employer's expectations; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated employee. *See Stephens v. Erickson,* 569 F.3d 779, 787 (7th Cir. 2009).

The Complaint alleges that Evans is employed by the Defendant. It further alleges he filed a charge for discrimination with the EEOC on October 6, 2011 in which he alleged he was discriminated against because he was falsely accused of tampering with the toilets at the employer's workplace. In retaliation, Defendant has allegedly unjustifiably held Evans's pay, no longer provides Evans with a paid lunch hour and removed Evans's computer. Evans does not specifically allege that he performed his job according to the employer's expectations or that he was treated less favorably than a similarly situated employee. However, since Evans is a pro se litigant, he is entitled to leeway in interpreting his pleadings. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972). Accordingly, Evans's allegations sufficiently state a claim under Title VII. Evans also appears to have met all of the procedural requirements necessary for filing a claim in federal court for a violation of Title VII. Accordingly, Evans's motion to proceed *in forma pauperis* is granted.